IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL OLIVER

    Plaintiff

                                                               Civil Action No. DKC-05-312

TERRENCE CARTER, *et al.*

    Defendants

.. oOo ..

## MEMORANDUM

Plaintiff filed two motions for appointment of counsel in the above-captioned case. Papers No. 3 and 6. Plaintiff claims in his motions that his reading and writing abilities are limited and that he has been receiving the assistance of other inmates with drafting and filing pleadings. Papers No. 3 and 6.

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1),[1] is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists, but the litigant has no capacity to present it counsel should be appointed. *Id.* Upon careful consideration of the motions and previous filings by Plaintiff, this Court finds that he has demonstrated the wherewithal to either articulate the legal and factual

---

[1] Under § 1915(e)(1), a court of the United States may request an attorney to represent any person unable to afford counsel.

basis of his claims himself, or secure meaningful assistance in doing so.[2] Moreover, Plaintiff's claim regarding an excessive use of force is not unduly complicated. Therefore, this Court concludes that there are no exceptional circumstances which would warrant the appointment of an attorney to represent plaintiff under § 1915(e)(1). His motions shall be denied without prejudice at this time.

A separate order follows.

August 4, 2005
Date

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] The complaint concerns a single incident of an alleged use of excessive force. Paper No. 1. After the initial filing in this case, Plaintiff was directed to amend his complaint and complied with the requirements of the Order. Papers No. 2 and 4. Among the exhibits attached to Defendants' Motion to Dismiss or for Summary Judgment are administrative remedy procedure forms filed by Plaintiff and written in a style similar to the handwritten pleadings in this case. Paper No. 17 at Ex. A pp. 29-31. Whether by his own hand or with the assistance of another, Plaintiff has been able to pursue administrative and legal remedies.