IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATHANIEL OLVER                  :

    Plaintiff                   :

v                                :     Civil Action No. DKC-05-312

VANESSA WILLIS, *et al.*         :

    Defendants                  :

o0o

## MEMORANDUM

The above-captioned civil rights action was filed on February 1, 2005, alleging excessive use of force in violation of Plaintiff's Eighth Amendment rights. Now pending in this case is Defendants' Motion for Summary Judgment. Paper No. 17. Plaintiff was advised of his right to file a response in opposition to the motion and of the consequences of failing to file an opposition, but has failed to oppose the motion. Paper No. 18. For the reasons set forth more fully below, the motion shall be granted.[1]

**Background**

Plaintiff, who at all relevant times was an inmate at Maryland Correctional Adjustment Center ("MCAC"), claims that on January 27, 2005 Sergeant Davis refused to give all his legal papers to him. Paper No. 1 at p. 4. In response to her refusal, Plaintiff claims he requested to speak to a supervisor. *Id*. He claims that Lt. Vanessa Willis came to his door, told Plaintiff she was not concerned with his problems, and left the area. *Id*. at p. 5. Plaintiff alleges that Lt. Willis returned with Officer Carter, and that the two officers grabbed his arm, and twisting, scratching and banging it against the feed-up slot. *Id*. Finally, he claims that Lt. Willis kicked Plaintiff's arm several times

---

[1] No hearing is needed to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2004).

while telling Officer Carter to continue to hold his arm down. *Id*.

Defendants have submitted verified institutional records concerning the incident. Paper No. 17. According to the written accounts of the incident, Plaintiff was holding the feed-up slot in his cell door open because he was angry with Sergeant Davis for taking too long to return his legal documents. Although Plaintiff was ordered to remove his arms from the feed-up slot, he refused to do so. Upon his refusal to comply with the order, Lt. Willis and Officer Carter, acting on orders given by Captain Orange, tried to physically push Plaintiff's hand and arm out of the slot so that it could be closed. Plaintiff, however, continued to resist by grabbing the slot with both hands. Lt. Jefferson was called to the area and was able to lift Plaintiff's arm from the slot, at which time Plaintiff voluntarily pulled his arm and hand out of the slot.

Plaintiff was examined by Nurse Alford Daly approximately one hour after the incident. The nurse found "no swelling, no discoloration, no broken skin surface" and full range of motion. Paper No. 17 at Ex. A, p. 16. The next day Plaintiff was seen by a doctor who noted "minor healed abrasions on both forearms, very superficial and small, small swelled area around a small abrasion on [left] medial forearm." *Id*. Based on those observations, the doctor concluded that no medical treatment was necessary. *Id*.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then

summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North*

*Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

**Analysis**

Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm". *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. *Whitley v. Albers*, 475 U. S. 312, 321 (1986).

The facts in this case are undisputed. Plaintiff does not dispute that he placed his arm outside his feed up slot, nor that doing so violated prison rules. To the extent that force was used against Plaintiff, it was used in response to his misconduct. The superficial nature of Plaintiff's injuries is evidence that the amount of force used was only that which was necessary to obtain his compliance with a lawful order. In light of the evidence presented, there simply are no factual issues in this case that could be resolved in Plaintiff's favor. Accordingly, Defendants are entitled to summary judgment. A separate order follows.

   8/31/05                                                /s/
Date                                               DEBORAH K. CHASANOW
                                                      United States District Judge